NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250905-U

NO. 4-25-0905

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 10, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| KEVIN L. WRIGHT, | ) | No. 24CF2262 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer J. Clifford, |
| | ) | Judge Presiding. |

JUSTICE GRISCHOW delivered the judgment of the court.
Presiding Justice Steigmann and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed, holding that postplea counsel complied with Illinois
Supreme Court Rule 604(d) (eff. Apr. 15, 2024) where the record supported
postplea counsel's certification that he asserted all of defendant's potentially
meritorious claims and the affidavit supporting the facts not in the record was
filed with the trial court prior to its decision.

¶ 2   Defendant, Kevin L. Wright, pleaded guilty to one count of aggravated domestic

battery (720 ILCS 5/12-3.3(a-5) (West 2024)) pursuant to an open plea. The trial court sentenced

defendant to four years in prison. Defendant subsequently filed a motion to withdraw his guilty

plea, which was denied by the court. Defendant appeals the denial of that motion, arguing his

postplea counsel failed to comply with Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024).

We affirm.

¶ 3                                    I. BACKGROUND

¶ 4   Defendant was charged by indictment with aggravated domestic battery (count I)

(720 ILCS 5/12-3.3(a-5) (West 2024)) and unlawful restraint (count II) (*id.* § 10-3) for acts committed against his girlfriend, H.B., on August 31, 2024.

¶ 5        On October 24, 2024, defendant and the State entered into an open plea agreement. Pursuant to the agreement, defendant agreed to plead guilty to aggravated domestic battery in exchange for the State agreeing to dismiss the unlawful restraint charge, as well as charges in two other pending cases against defendant.

¶ 6        The State provided the following factual basis for the plea. On September 2, 2024, police officers were dispatched to a residence. There, H.B. advised the police officers that on August 31, 2024, in the afternoon, police officers had knocked on the door to the residence while she and defendant were inside. Defendant forced her into a corner and strangled her by covering her entire face with both of his hands. H.B. told police she was unable to breathe for about 30 seconds.

¶ 7        Prior to accepting the plea, the trial court admonished defendant of the charges and the possible penalties, which included the possibility of a sentence in the Illinois Department of Corrections for three to seven years. Defendant was also admonished of the rights he was giving up by pleading guilty. Defendant indicated he understood the court's admonishments. He also agreed it was his decision to plead guilty and he was satisfied with plea counsel's performance. Defendant indicated he had been able to discuss the charges and the plea with counsel and did not need more time to talk to counsel. The court accepted defendant's guilty plea, finding it was knowingly, intelligently, and voluntarily made and supported by a factual basis. The other charges were dismissed pursuant to the plea.

¶ 8        A sentencing hearing was held in December 2024, and the trial court sentenced defendant to four years in prison. Plea counsel filed a timely motion to reconsider the sentence.

At a subsequent court hearing, defendant alleged plea counsel was ineffective. The court appointed new counsel to represent defendant in the presentation of posttrial motions. Postplea counsel filed an amended motion to withdraw defendant's guilty plea, arguing there was new evidence of messages H.B. sent to defendant after his guilty plea that indicated a retaliatory motive by H.B. The motion also asserted H.B. made inconsistent statements to police officers that called into doubt whether the evidence was sufficient to prove strangulation. The motion did not contain any allegations of ineffective assistance of plea counsel. Postplea counsel filed a certificate pursuant to Rule 604(d), indicating he had consulted with defendant to ascertain defendant's contentions of error, examined the record, and made any amendments necessary for the adequate presentation of defendant's contentions of error.

¶ 9    At the hearing on the motion to withdraw the guilty plea, the trial court asked defendant if the motion had been reviewed with him and if he had any other contentions of error to add. Defendant responded the motion was complete. Postplea counsel asked to admit an exhibit, which was a record of the messages sent by H.B. to defendant while defendant was in jail. The court noted the exhibit contained facts that were outside the record, and postplea counsel responded he would file an affidavit. The affidavit was filed the next day, describing the process of retrieving the messages. At the hearing, postplea counsel argued the messages indicated a retaliatory motive by H.B., bringing her credibility into question and calling into question the weight of the State's evidence.

¶ 10    The matter was continued for a decision. Before issuing its decision, the trial court reviewed the amended motion, postplea counsel's affidavit, the State's response to defendant's motion, and the messages sent by H.B. to defendant. The court denied the motion, finding the messages did not have any impact on the facts related by the State at the time of the

plea and defendant failed to demonstrate any reason to allow him to withdraw his guilty plea.

¶ 11        This appeal followed.

¶ 12                            II. ANALYSIS

¶ 13        Defendant contends his postplea counsel failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024). Specifically, defendant argues postplea counsel failed to include a claim of ineffective assistance of plea counsel and failed to adequately support the motion to withdraw the guilty plea with affidavits. Defendant asks this court to vacate the denial of his motion to withdraw his guilty plea and remand for further proceedings.

¶ 14        Rule 604(d) provides the procedure necessary for a defendant to appeal following a guilty plea. With respect to the required certification, Rule 604(d) provides:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.*

¶ 15        The purpose of Rule 604(d) is to preserve the defendant's interests through adequate consultation, and the certificate is evidence the requisite consultation has taken place. *People v. Brown*, 2024 IL 129585, ¶ 53; see *People v. Gorss*, 2022 IL 126464, ¶ 15 ("[A]n important purpose of Rule 604(d) is to ensure that any errors that may have resulted in a guilty plea and subsequent sentence are brought to the attention of the circuit court before appeal, while memories are fresh and witnesses are available."). Our courts require strict compliance with the

certification requirement of the rule. *In re H.L.*, 2015 IL 118529, ¶ 8. "[T]he remedy for failure to strictly comply with each of the provisions of Rule 604(d) is a remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion." *People v. Janes*, 158 Ill. 2d 27, 33 (1994).

¶ 16 Defendant acknowledges his postplea counsel filed a facially valid certificate in accordance with the rule. However, while a facially valid certificate is generally evidence of compliance with Rule 604(d), it may be rebutted by the record. See *People v. Williams*, 2025 IL App (4th) 240738, ¶ 48 ("If the record demonstrates counsel failed to comply with his or her obligations under Rule 604(d), a remand may be required."). We review *de novo* whether counsel complied with Rule 604(d). *Gorss*, 2022 IL 126464, ¶ 10.

¶ 17 A. Ineffective-Assistance-of-Counsel Claim

¶ 18 In the amended motion to withdraw defendant's guilty plea, postplea counsel contended the messages from H.B., considered in conjunction with inconsistencies in H.B.'s reports to police officers, cast doubt on H.B.'s credibility and the strength of the State's evidence. Postplea counsel argued the claim at the motion hearing. However, after the motion was denied, defendant stated he was not aware of H.B.'s inconsistent statements prior to pleading guilty because plea counsel did not review the discovery with him. Defendant contends this was a claim of ineffective assistance of plea counsel, and postplea counsel failed to strictly comply with Rule 604(d) when he failed to include this claim in the postplea motion.

¶ 19 The State contends defendant's ineffective-assistance claim was meritless, so postplea counsel's failure to include the issue does not refute the facially valid Rule 604(d) certificate. We agree.

¶ 20 Defendant was charged with aggravated domestic battery, a crime which is

committed when a person who, in committing a domestic battery, strangles another individual. 720 ILCS 5/12-3.3(a-5) (West 2024). " '[S]trangle' means intentionally impeding the normal breathing or circulation of the blood of an individual by applying pressure on the throat or neck of that individual or by blocking the nose or mouth of that individual." *Id.* While H.B.'s statements regarding her ability to breathe may be subject to interpretation, H.B. still alleged she was choked, and defendant could have been found guilty based on that fact alone. See *People v. Fontanez-Marrero*, 2023 IL App (2d) 220128, ¶¶ 20-22 (finding the evidence was sufficient to prove beyond a reasonable doubt that defendant strangled a victim where the victim consistently stated she was choked). Further, the trial court specifically considered the effect of the text messages on H.B.'s credibility and the weight of the State's evidence and determined they would have no effect. H.B. never recanted or stated she had lied; rather, she expressed her anger at defendant. Thus, we conclude the record does not demonstrate counsel failed to comply with his obligations under Rule 604(d) by failing to include this claim in the postplea motion. See *People v. Williams*, 2021 IL App (3d) 190298, ¶ 26 (holding that postplea counsel cannot be ineffective for failing to raise a meritless claim); see also *People v. Lima*, 2026 IL App (4th) 250892-U, ¶ 84 ("[W]hen a defendant raises issues in postplea proceedings that lack merit, the record does not rebut counsel's assertion in her Rule 604(d) certificate that she made all amendments necessary for an adequate presentation of any defects in the plea and sentencing proceeding.").

¶ 21        Further, Rule 604(d) requires counsel to make any amendments necessary for the adequate presentation of the "defendant's contentions of error" in the plea or sentencing proceedings. Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024); accord *Lima*, 2026 IL App (4th) 250892-U, ¶ 84. Here, consistent with postplea counsel's valid certificate, defendant explicitly told the trial court prior to the hearing that he had reviewed the motion with postplea counsel, and the

motion contained all his claims. In the motion to withdraw defendant's guilty plea, postplea counsel argued H.B. stated in one instance she could not breathe, and in another, she could breathe but could not talk. Despite acknowledging he read the motion, which asserted the inconsistent nature of H.B.'s reports to police officers, defendant did not assert the motion was incomplete because defendant was not able to review discovery with plea counsel. More importantly, the motion did not assert plea counsel was unaware of the contents of the discovery or did not consider the statements in advising defendant. See *People v. Davison*, 292 Ill. App. 3d 981, 988-89 (1997) (explaining counsel's obligations to his client and the policy reasons behind the trial strategy of choosing not to provide the client with all discovery materials).

¶ 22　　　　Here, the record shows defendant was afforded a full and fair opportunity to present his postplea claims. See *People v. Jones*, 2021 IL App (4th) 180497-U, ¶ 22 (holding remand was unnecessary because the defendant had a full and fair opportunity to present evidence supporting his claims). Consistent with counsel's facially valid certificate, defendant explicitly told the trial court he had reviewed the motion with postplea counsel and the motion contained all his claims. The record does not rebut postplea counsel's assertions in the certificate.

¶ 23　　　　　　　　　　B. Filing of Affidavit After the Hearing

¶ 24　　　　Defendant also contends postplea counsel failed to strictly comply with Rule 604(d) when he failed to support the motion to withdraw defendant's guilty plea with an affidavit substantiating the facts not of record. Rule 604(d) requires "[w]hen the motion is based on facts that do not appear of record it shall be supported by affidavit." Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024). The exhibit introduced by postplea counsel in support of the motion to withdraw defendant's guilty plea concerned matters outside the record. Thus, to fulfill his duty under Rule 604(d), counsel had to substantiate the new factual allegations with an affidavit. See *People v.*

*Bridges*, 2017 IL App (2d) 150718, ¶ 9.

¶ 25 Here, postplea counsel filed the necessary affidavit after the hearing but before the trial court's ruling on the motion. The State contends remand is unnecessary because the affidavit was filed in the trial court, and the court considered the evidence supported by the affidavit. We agree.

¶ 26 The purpose of the affidavit requirement is to place those facts that do not appear of record before the trial court. See *People v. Keele*, 210 Ill. App. 3d 898, 902 (1991) (noting Rule 604(d) was designed to give the trial court an opportunity to consider alleged errors and to make a record for the appellate court). Here, the court noted the facts not of record presented by the motion and the exhibit detailing the messages from H.B., and it inquired why postplea counsel had not filed an affidavit. In response, counsel indicated he would file the affidavit, which he filed the next day. The affidavit was received prior to the court's ruling, and the court specifically noted it considered the exhibit. We hold counsel's filing of the affidavit after the hearing but prior to the court's decision was in compliance with the rule in that it placed the relevant facts before the court and provided defendant with a full and fair opportunity to present his claim. See *People v. Brown*, 2023 IL App (4th) 220573, ¶ 33, 50 (holding that remand was not necessary where counsel failed to submit an evidentiary affidavit but presented evidence at the evidentiary hearing, so the defendant had a full and fair opportunity to present his claim); see also *H.L.*, 2015 IL 118529, ¶ 25 (holding there is no timing requirement specified in Rule 604(d), so counsel may still be in strict compliance with the rule even if the requisite certificate is filed after the hearing, as long as it is filed in the trial court).

¶ 27 There is nothing in the record to refute postplea counsel's certification that he consulted with defendant to ascertain defendant's contentions of error, examined the trial court

file and the report of proceedings, and made any necessary amendments to the motion. As noted above, the affidavit was filed prior to the court's ruling on the motion, and the court considered the evidence that was supported by the affidavit. As such, we conclude postplea counsel strictly complied with Rule 604(d).

¶ 28                                        III. CONCLUSION

¶ 29            For the reasons stated, we affirm the trial court's judgment.

¶ 30            Affirmed.